■ ELLEN GOTTLIEB, Respondent, v. LEWIS GOTTLIEB, Appellant.— In an action for separation, the defendant husband appeals (1) from a judgment of the Supreme Court, Queens County, dated June 7, 1967, in favor of plaintiff and (2) from so much of an order of said court, entered on or about August 31, 1967, as denied his motion for a new trial and granted plaintiff's cross motion insofar as it was for counsel fees for opposing the motion for a new trial. Order affirmed insofar as appealed from, without costs. No opinion. Judgment modified, on the law and the facts, by reducing

the amount directed to be paid by defendant weekly for support and maintenance of the issue of the parties from $100 to $85. As so modified, judgment affirmed, without costs. In our opinion, the amount directed to be paid for support and maintenance of the issue of the parties is excessive to the extent indicated. Beldock, P. J., Brennan, Rabin and Benjamin, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment, to grant a new trial and to modify the order accordingly, with the following memorandum: In my opinion the evidence tendered in support of plaintiff's complaint for a separation was insufficient (*Schapiro* v. *Schapiro*, 27 A D 2d 667; *Zahler* v. *Zahler*, 28 A D 2d 925). Although there is some intimation in the record that the parties had agreed at the trial to a limitation of proof of acts of cruelty by defendant, they could not, either expressly or by implication, consent to an entry of a decree of separation without proof of the grounds alleged (Domestic Relations Law, § 201; cf. Domestic Relations Law, § 211 [eff. Sept. 1, 1967]; *Jones* v. *Jones*, 25 A D 2d 426). However a new trial should be granted in order that the plaintiff may be enabled to produce her proof with respect to the grounds for a separation on which she relies. If I were to concur with the majority in the determination that the proof of the plaintiff was sufficient, I would be of the opinion that the reduction in support is justified.